FILED
IN CLERKS OFFICE

2020 JUN 11 PM 12: 33

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

JAMES DARBY, SHEILA DARBY,
DARRELL DARBY, KOREY DARBY,
FURMAN DARBY, JR., LAMONT
BROOKINS and RICHARD
KAPLINGER.
    Plaintiffs,

vs.

ANDREW LELLING, US. ATTY.,
ALCOHOL, TOBACCO, FIREARMS
AND EXPLOSIVES, UNKNOWN "JOHN
DOE" ATF POLICE OFFICERS, MAURA
HEALY, ATTY. GEN., KERRY GILPIN,
STATE POLICE COL., UNKNOWN
"JOHN DOES" AND "JANE DOE" STATE
POLICE OFFICERS, WILLIAM GROSS,
BOSTON POLICE COMM'R,
UNKNOWN "JOHN DOES" BOSTON
POLICE OFFICERS, MICHAEL LINSKEY,
BOSTON POLICE OFFICER SERGEANT,
CHARLES BAKER GOVERNOR and
CITY OF BOSTON.
    Defendants.

C.A. No._____
JURY TRIAL DEMAND

## INTRODUCTORY STATEMENT

1. This is an action for damages sustained by citizens of the United States against police officers of the Bureau of Alcohol, Tobacco, Firearms and Explosives, Massachusetts State Police and Boston Police, who unlawfully detained, searched, seized, assaulted and harassed the Plaintiffs.

2. The action is against the United States Attorney, State Attorney General, Governor, Police Commissioner, State Police Colonel as the supervisory officers responsible for the conduct of the defendants and against the City of Boston, ATF, State Police, Boston Police as the employers of the police personnel, which is sued as persons under 42 U.S.C., Section 1983.

**JURISDICTION**

3. This action is brought pursuant to 42 U.S.C., Sections 1983 and 1988, and the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

4. This Court has subject matter jurisdiction of the action under 28 U.S.C., Sections 1331, and 1343(a)(3),(4).

5. This Court may also exercise supplemental jurisdiction over the Plaintiffs' State law claims that arise from the same facts and circumstances under 28 U.S.C., Section 1367.

**PARTIES**

6. Plaintiff, James Darby, *pro se*, of 37 Aspinwall Road, Dorchester, MA 02124-2030, is a resident of the City of Boston, and at all times relevant to the allegations of this complaint was a citizen of the United States, and a resident of Suffolk County.

7. Plaintiff, Sheila Darby, *pro se*, of 37 Aspinwall Road, Dorchester, MA 02124, is a resident of the City of Boston, and at all times relevant to the allegations of this complaint was a citizen of the United States, and a resident of Suffolk County.

8. Plaintiff, Darrell Darby, *pro se*, of 37 Aspinwall Road, Dorchester, MA 02124, is a resident of the City of Boston, and at all times relevant to the allegations of this complaint was a citizen of the United States, and a resident of Suffolk County.

9. Plaintiff, Korey Darby, *pro se*, of 37 Aspinwall Road, Dorchester, MA 02124, is a resident of the City of Boston, and at all times relevant to the allegations of this complaint was a citizen of the United States, and a resident of Suffolk County.

10. Plaintiff, Furman Darby, Jr., *pro se*, of 37 Aspinwall Road, Dorchester, MA 02124, is a resident of the City of Boston, and at all times relevant to the allegations of this complaint was a citizen of the United States, and a resident of Suffolk County.

11. Plaintiff, Richard Kaplinger, *pro se*, of 37 Aspinwall Road, Dorchester, MA 02124, is a resident of the City of Boston, and at all times relevant to the allegations of this complaint was a citizen of the United States, and a resident of Suffolk County.

12. Plaintiff, Lamont Brookins, *pro se*, of 151 Milton Street, Dedham, MA 02026, is a resident of the Town of Dedham, and at all times relevant to the all allegations of this complaint was a citizen of the United States, and a resident of Suffolk County.

13. At all times relevant to this action, Defendant Andrew Lelling, was the duly appointed United States Attorney of the U.S. Department of Justice. In his capacity, the U.S. Attorney was:
   a. The commanding officer of defendants ATF and "John Does" and was responsible for their training, supervision, and conduct.
   b. Responsible by law for enforcing the regulations of the ATF and for ensuring that ATF's police personnel obey the laws of Massachusetts and the United States.
   c. Acting as the agent, servant, and employee of the United States. This defendant is being sued in both his individual and official capacities.

14. At all times relevant to this action, Defendant "John Doe" was an ATF police officer employed by the Bureau of Alcohol, Tobacco, Firearms and Explosives agency to perform duties in the United States and in Massachusetts. This Defendant's name is currently unknown to and undiscoverable by Plaintiffs. The Plaintiffs will amend this complaint to state the true name of "John Doe" as soon as possible.
   a. At all relevant times, this defendant was acting as the agent, servant, and employee of Defendant ATF.
   b. This defendant is dues in both his individual and official capacities.

15. At all times relevant to this action, Defendant "John Doe" was an ATF police officer employed by the Bureau of Alcohol, Tobacco, Firearms and Explosives agency to perform duties in the United States and in Massachusetts. This Defendant's name is currently unknown to and undiscoverable by Plaintiffs. The Plaintiffs will amend this complaint to state the true name of "John Doe" as soon as possible.
   a. At all relevant times, this defendant was acting as the agent, servant, and employee of Defendant ATF.
   b. This defendant is being sued in both his individual and official capacities.

16. At all times relevant to this action, Defendant "John Doe" was an ATF police officer employed by the Bureau of Alcohol, Tobacco, Firearms and Explosives agency to perform duties in the United States and in Massachusetts. This Defendant's name is currently unknown to and undiscoverable by Plaintiffs. The Plaintiffs will amend this complaint to state the true name of "John Doe" as soon as possible.
   a. At all relevant times, this defendant was acting as the agent, servant, and employee of Defendant ATF.
   b. This defendant is being sued in both his individual and official capacities.

17. At all times relevant to this action, Defendant "John Doe" was an ATF police officer employed by

the Bureau of Alcohol, Tobacco, Firearms and Explosives agency to perform duties in the United States and in Massachusetts. This Defendant's name is currently unknown to and undiscoverable by Plaintiffs. The Plaintiffs will amend this complaint to state the true name of "John Doe" as soon as possible.

    a.    At all relevant times, this defendant was acting as the agent, servant, and employee of Defendant ATF.

    b.    This defendant is being sued in both his individual and official capacities.

18. At all times relevant to this action, Defendant "John Doe" was an ATF police officer employed by the Bureau of Alcohol, Tobacco, Firearms and Explosives agency to perform duties in the United States and in Massachusetts. This Defendant's name is currently unknown to and undiscoverable by Plaintiffs. The Plaintiffs will amend this complaint to state the true name of "John Doe" as soon as possible.

    a.    At all relevant times, this defendant was acting as the agent, servant, and employee of Defendant ATF.

    b.    This defendant is being sued in both his individual and official capacities.

19. At all times relevant to this action, Defendant "John Doe" was an ATF police officer employed by the Bureau of Alcohol, Tobacco, Firearms and Explosives agency to perform duties in the United States and in Massachusetts. This Defendant's name is currently unknown to and undiscoverable by Plaintiffs. The Plaintiffs will amend this complaint to state the true name of "John Doe" as soon as possible.

    a.    At all relevant times, this defendant was acting as the agent, servant, and employee of Defendant ATF.

    b.    This defendant is being sued in both his individual and official capacities.

20. At all times relevant to this action, Defendant "John Doe" was an ATF police officer employed by the Bureau of Alcohol, Tobacco, Firearms and Explosives agency to perform duties in the United States and in Massachusetts. This Defendant's name is currently unknown to and undiscoverable by Plaintiffs. The Plaintiffs will amend this complaint to state the true name of "John Doe" as soon as possible.

    a.    At all relevant times, this defendant was acting as the agent, servant, and employee of Defendant ATF.

    b.    This defendant is being sued in both his individual and official capacities.

21. At all times relevant to this action, Defendant "John Doe" was an ATF police officer employed by the Bureau of Alcohol, Tobacco, Firearms and Explosives agency to perform duties in the United States and in Massachusetts. This Defendant's name is currently unknown to and undiscoverable by Plaintiffs. The Plaintiffs will amend this complaint to state the true name of "John Doe" as soon as possible.

    a.    At all relevant times, this defendant was acting as the agent, servant, and employee of Defendant ATF.

    b.    This defendant is being sued in both his individual and official capacities.

22. At all times relevant to this action, Defendant "John Doe" was an ATF police officer employed by the Bureau of Alcohol, Tobacco, Firearms and Explosives agency to perform duties in the United States and in Massachusetts. This Defendant's name is currently unknown to and undiscoverable by Plaintiffs. The Plaintiffs will amend this complaint to state the true name of "John Doe" as soon as possible.

    a.    At all relevant times, this defendant was acting as the agent, servant, and employee of Defendant ATF.

    b.    This defendant is being sued in both his individual and official capacities.

23. At all times relevant to this action, Defendant "John Doe" was an ATF police officer employed by the Bureau of Alcohol, Tobacco, Firearms and Explosives agency to perform duties in the United States and in Massachusetts. This Defendant's name is currently unknown to and undiscoverable by Plaintiffs. The Plaintiffs will amend this complaint to state the true name of "John Doe" as soon as possible.

    a.    At all relevant times, this defendant was acting as the agent, servant, and employee of Defendant ATF.

    b.    This defendant is being sued in both his individual and official capacities.

24. At all times relevant to this action, Defendant "John Doe" was an ATF police officer employed by the Bureau of Alcohol, Tobacco, Firearms and Explosives agency to perform duties in the United States and in Massachusetts. This Defendant's name is currently unknown to and undiscoverable by Plaintiffs. The Plaintiffs will amend this complaint to state the true name of "John Doe" as soon as possible.

    a.    At all relevant times, this defendant was acting as the agent, servant, and employee of Defendant ATF.

    b.    This defendant is being sued in both his individual and official capacities.

25. At all times relevant to this action, Defendant "John Doe" was an ATF police officer employed by the Bureau of Alcohol, Tobacco, Firearms and Explosives agency to perform duties in the United States and in Massachusetts. This Defendant's name is currently unknown to and undiscoverable by Plaintiffs. The Plaintiffs will amend this complaint to state the true name of "John Doe" as soon as possible.

    a.    At all relevant times, this defendant was acting as the agent, servant, and employee of Defendant ATF.

    b.    This defendant is being sued in both his individual and official capacities.

26. At all times relevant to this action, Defendant Maura Healey, was the duly appointed Attorney General of Massachusetts. In his capacity, the Attorney General was:

    a. Responsible by law for enforcing the regulations, policies, rules and for ensuring that State's personnel obey the laws of Massachusetts and the United States.

    b. Acting as the agent, servant, and employee of Massachusetts. This defendant is being sued in both her individual and official capacities.

27. At all times relevant to this action, Defendant Kerry Gilpin, was the duly appointed Colonel of Massachusetts State. In his capacity, the State Police Colonel was:

    a. The commanding officer of defendants State Police and "John and Jane Does" was responsible for their training, supervision, and conduct.

    b. Responsible by law for enforcing the regulations of the State Police and for ensuring that State police personnel obey the laws of Massachusetts and the United States.

    c. Acting as the agent, servant, and employee of the United States. This defendant is being sued in both her individual and official capacities.

28. At all times relevant to this action, defendant "John Doe" was a State Police officer employed by Massachusetts State Police to perform duties in Massachusetts. This defendant's name is currently unknown to and undiscoverable by Plaintiffs. The Plaintiffs will amend this complaint to state the true name of "John Doe" as soon as possible.

    a. At all relevant times, this defendant was acting as the agent, servant, and employee of Defendant Charles Baker.

    b. This defendant is being sued in both his individual and official capacities.

29. At all times relevant to this action, defendant "John Doe" was a State Police officer employed by Massachusetts State Police to perform duties in Massachusetts. This defendant's name is currently unknown to and undiscoverable by Plaintiffs. The Plaintiffs will amend this complaint to state the true name of "John Doe" as soon as possible.

    a. At all relevant times, this defendant was acting as the agent, servant, and employee of Defendant Charles Baker.

    b. This defendant is being sued in both his individual and official capacities.

30. At all times relevant to this action, defendant "John Doe" was a State Police officer employed by

Massachusetts State Police to perform duties in Massachusetts. This defendant's name is currently unknown to and undiscoverable by Plaintiffs. The Plaintiffs will amend this complaint to state the true name of "John Doe" as soon as possible.

    a.    At all relevant times, this defendant was acting as the agent, servant, and employee of Defendant Charles Baker.

    b.    This defendant is being sued in both his individual and official capacities.

31. At all times relevant to this action, defendant "John Doe" was a State Police officer employed by Massachusetts State Police to perform duties in Massachusetts. This defendant's name is currently unknown to and undiscoverable by Plaintiffs. The Plaintiffs will amend this complaint to state the true name of "John Doe" as soon as possible.

    a.    At all relevant times, this defendant was acting as the agent, servant, and employee of Defendant Charles Baker.

    b.    This defendant is being sued in both his individual and official capacities.

32. At all times relevant to this action, defendant "John Doe" was a State Police officer employed by Massachusetts State Police to perform duties in Massachusetts. This defendant's name is currently unknown to and undiscoverable by Plaintiffs. The Plaintiffs will amend this complaint to state the true name of "John Doe" as soon as possible.

    a.    At all relevant times, this defendant was acting as the agent, servant, and employee of Defendant Charles Baker.

    b.    This defendant is being sued in both his individual and official capacities.

33. At all times relevant to this action, defendant "John Doe" was a State Police officer employed by Massachusetts State Police to perform duties in Massachusetts. This defendant's name is currently unknown to and undiscoverable by Plaintiffs. The Plaintiffs will amend this complaint to state the true name of "John Doe" as soon as possible.

    a.    At all relevant times, this defendant was acting as the agent, servant, and employee of Defendant Charles Baker.

    b.    This defendant is being sued in both his individual and official capacities.

34. At all times relevant to this action, defendant "John Doe" was a State Police officer employed by Massachusetts State Police to perform duties in Massachusetts. This defendant's name is currently unknown to and undiscoverable by Plaintiffs. The Plaintiffs will amend this complaint to state the true name of "John Doe" as soon as possible.

    a.      At all relevant times, this defendant was acting as the agent, servant, and employee of Defendant Charles Baker.

    b.      This defendant is being sued in both his individual and official capacities.

35. At all times relevant to this action, defendant "John Doe" was a State Police officer employed by Massachusetts State Police to perform duties in Massachusetts. This defendant's name is currently unknown to and undiscoverable by Plaintiffs. The Plaintiffs will amend this complaint to state the true name of "John Doe" as soon as possible.

    a.      At all relevant times, this defendant was acting as the agent, servant, and employee of Defendant Charles Baker.

    b.      This defendant is being sued in both his individual and official capacities.

36. At all times relevant to this action, defendant "John Doe" was a State Police officer employed by Massachusetts State Police to perform duties in Massachusetts. This defendant's name is currently unknown to and undiscoverable by Plaintiffs. The Plaintiffs will amend this complaint to state the true name of "John Doe" as soon as possible.

    a.      At all relevant times, this defendant was acting as the agent, servant, and employee of Defendant Charles Baker.

    b.      This defendant is being sued in both his individual and official capacities.

37. At all times relevant to this action, defendant "John Doe" was a State Police officer employed by Massachusetts State Police to perform duties in Massachusetts. This defendant's name is currently unknown to and undiscoverable by Plaintiffs. The Plaintiffs will amend this complaint to state the true name of "John Doe" as soon as possible.

    a.      At all relevant times, this defendant was acting as the agent, servant, and employee of Defendant Charles Baker.

    b.      This defendant is being sued in both his individual and official capacities.

38. At all times relevant to this action, defendant "John Doe" was a State Police officer employed by Massachusetts State Police to perform duties in Massachusetts. This defendant's name is currently unknown to and undiscoverable by Plaintiffs. The Plaintiffs will amend this complaint to state the true name of "John Doe" as soon as possible.

    a.      At all relevant times, this defendant was acting as the agent, servant, and employee of Defendant Charles Baker.

    b.      This defendant is being sued in both his individual and official capacities.

39.    At all times relevant to this action, defendant "Jane Doe" was a State Police officer employed by Massachusetts State Police to perform duties in Massachusetts. This defendant's name is currently unknown to and undiscoverable by Plaintiffs. The Plaintiffs will amend this complaint to state the true name of "Jane Doe" as soon as possible.

    a.    At all relevant times, this defendant was acting as the agent, servant, and employee of Defendant Charles Baker.

    b.    This defendant is being sued in both her individual and official capacities.

40.    At all times relevant to this action, Defendant William Gross, was the duly appointed Commissioner of the Boston Police. In his capacity, the Commissioner was:

    a.    The commanding officer of defendant Sgt. Michael Linskey and "John Does" was responsible for their training, supervision, and conduct.

    b.    Responsible by law for enforcing the regulations of the Boston Police Department and for ensuring that Boston Police personnel obey the laws of Massachusetts.

    c.    Acting as the agent, servant, and employee of the City of Boston. This defendant is being sued in both his individual and official capacities.

41.    At all times relevant to this action, defendant Michael Linskey was a Sergeant Boston Police officer employed by the Boston Police department to perform duties in the City of Boston.

    a.    At all relevant times, this defenant was acting as the agent, servant and employee of defendant City of Boston.

    b.    This defendant is being sued in both his individual and official capacities.

42.    At all times relevant to this action, defendant "John Doe" was a Boston Police officer employed by Boston Police to perform duties in Massachusetts. This defendant's name is currently unknown to and undiscoverable by Plaintiffs. The Plaintiffs will amend this complaint to state the true name of "John Doe" as soon as possible.

    a.    At all relevant times, this defendant was acting as the agent, servant, and employee of Defendant City of Boston.

    b.    This defendant is being sued in both his individual and official capacities.

43.    At all times relevant to this action, defendant "John Doe" was a Boston Police officer employed by Boston Police to perform duties in Massachusetts. This defendant's name is currently unknown to and undiscoverable by Plaintiffs. The Plaintiffs will amend this complaint to state the true name of "John

Doe" as soon as possible.

    a.    At all relevant times, this defendant was acting as the agent, servant, and employee of Defendant City of Boston.

    b.    This defendant is being sued in both his individual and official capacities.

44. At all times relevant to this action, defendant "John Doe" was a Boston Police officer employed by Boston Police to perform duties in Massachusetts. This defendant's name is currently unknown to and undiscoverable by Plaintiffs. The Plaintiffs will amend this complaint to state the true name of "John Doe" as soon as possible.

    a.    At all relevant times, this defendant was acting as the agent, servant, and employee of Defendant City of Boston.

    b.    This defendant is being sued in both his individual and official capacities.

45. At all times relevant to this action, defendant "John Doe" was a Boston Police officer employed by Boston Police to perform duties in Massachusetts. This defendant's name is currently unknown to and undiscoverable by Plaintiffs. The Plaintiffs will amend this complaint to state the true name of "John Doe" as soon as possible.

    a.    At all relevant times, this defendant was acting as the agent, servant, and employee of Defendant City of Boston.

    b.    This defendant is being sued in both his individual and official capacities.

46. At all times relevant to this action, defendant "John Doe" was a Boston Police officer employed by Boston Police to perform duties in Massachusetts. This defendant's name is currently unknown to and undiscoverable by Plaintiffs. The Plaintiffs will amend this complaint to state the true name of "John Doe" as soon as possible.

    a.    At all relevant times, this defendant was acting as the agent, servant, and employee of Defendant City of Boston.

    b.    This defendant is being sued in both his individual and official capacities.

47. At all times relevant to this action, Defendant Charles Baker, was the duly appointed Governor of Massachusetts. In his capacity, the Governor was:

    a.    The commanding officer of defendants State Police and "John Does" and was responsible for their training, supervision, and conduct.

    b.    Responsible by law for enforcing the regulations of the State Police and for ensuring that State polices' personnel obey the laws of

    Massachusetts.

 c. Acting as the agent, servant, and employee of Massachusetts. This defendant is being sued in both his individual and official capacities.

48. At all time relevant to this action, Defendant City of Boston was a municipality that employed the services of police agencies, including but not limited to Boston Police. This defendant is being sued in its official capacity.

### Statement of Facts

49. Since 1968, I, James Darby has owned the three-family home at 37 Aspinwall Road, Dorchester, Massachusetts, where I have resided with my wife Sheila Darby.

50. My wife and I began to bring children into our lives, named Darrell, Lance and Korey Darby, who still live with us and have their friends visit regularly.

51. Our home has always been occupied by family and friends, including but not limited to, Furman Darby Jr., Lamont Brookins, and Richard Kaplinger.

52. On September 24, 2018, my nephew, Lamont Brookins and my son Korey Darby were in my private driveway at my family residence of 37 Aspinwall Road, Dorchester, Massachusetts.

53. Additionally, inside my home on this same day was my brother Furman Dabry, my wife Sheila Darby and in the basement was my son Darrell Darby, cousin Dwayne Cruthird and my friend Richard Kaplinger.

54. While monitoring my home security surveillance system several of my monitors had went blank, then me and my wife went outside on the porch together.

55. Within seconds thereafter, unknown officers were on my personal property, surrounding my home with their weapons drawn on my family and friends.

56. I was instructed by BPD Sgt. Michael Linskey "Don't move stay right there on the porch", while my nephew Lamont and my son Korey were being jostled by several officers.

57. My basement door was breached by approximately (19) unknown officers consisting of ATF, State and Boston Poilce, while others remained outside.

58. Upon entering my basement the officers used some unknown object to force my office door open to my constable service, entitled "You've Been Served."

59. My son Darrell, Dwayne and Richard were cuffed up in the basement and removed forcefully

and brought outside and placed on the ground.

60. My son Darrell was without just cause physically and aggressively handled which resulted in him exhibiting chest pains and problems breathing.

61. Officers at the scene called 911 requesting for an ambulance be sent to my residence immediately to assist my son Darrell.

62. The ambulance arrived and treated my son who was obviously distraught by the misconduct of the on-site officers.

63. When I inquired of Sgt. Michael Linskey, "What's going on?", he responded that "I have a search warrant here."

64. I inquired further of the officer "Who are you looking for?", to which he did not respond.

65. At some point later, it was relayed to me that the officers were at my home to arrest my nephew Lamont Brookins as the individual they were looking for and who was outside my house in my driveway.

66. I immediately inquired again "then why did you'll go into my house, if my nephew was outside?", to which no response was given.

67. No warrant was ever produced after the officers raided my home, as the officer Sgt. Linskey indicated he had.

68. My family and friends were all subsequently uncuffed and released from police custody, including Lamont Brookins.

69. On October 1, 2018, I did make the public record request of the following agencies: State Police, Boston Police, City of Boston and Alcohol, Tobacco, Firearms and Explosives.

70. Additional public record requests were conducted by Jessie J. Rossman of the ACLU Massachusetts of the same agencies.

71. The requested information of the agencies were: "1. Any warrant with Mr. Darby's address, 37 Aspinwall Road, Dorchester, Massachusetts 02124, that was issued in 2018; 2. Any incident reports or other records of any officers' activities on September 24, 2018, while in Mr. Darby's home, including but not limited to any reports or records concerning any interaction with Mr. Darby, his home, his property or others in his home on that date; 3. Any communications, including but not limited to emails and memos, between Boston Police Department, Massachusetts State Police, and/or the Bureau of Alcohol, Tobacco, Firearms and Explosives regarding the September 24, 2018, search of Mr. Darby's home; and 4. Any documents of the September 24, 2018, search of Mr. Darby's home containing Sergeant

Detective Michael Linkey's name."

72. All of the agencies responded to the ACLU.

73. The City of Boston responded: "There are no records responsive to this request."

74. The State Police responded: "...After a search of the Department's files, no records were located."

75. The ATF responded: "...we were not able to locate any responsive records subject to the freedom of Information Act."

76. With all the agencies denying any such information exist, suggest in and of itself, that the agencies employees were unlawfully on my property and in violation of my right to privacy and constitutional rights.

## CLAIMS FOR RELIEF

A. Defendants, collectively and individually did violate the Plaintiffs James, Sheila, Darrell, Korey and Furman Darby's constitutional rights under the Fourth and Fourteenth Amendment of the United States Constitution and Article 14 of the Massachusetts Declaration of Rights, by the unreasonable search at their residence of 37 Aspinwall Road, Dorchester, MA.

B. Defendants, collectively and individually did violate the Plaintiffs James, Sheila, Darrell, Korey and Furman Darby's constitutional rights to privacy under G.L. c. 214, Section 1B, by the unreasonable invasion into their residence of 37 Aspinwall Road, Dorchester, MA.

C. Defendants, collctively, did violate the Plaintiffs Darrell Darby, Korye Darby, Lamont Brookins and Richard Kaplinger's constitutional rights under the Fourth and Fourteenth Amendment of the United States Constitutional and Article 14 of the Massachusetts Declaration of Rights, with the unreasonable search and seizure of their person and property, while at 37 Aspinwall Road, Dorchester, MA.

D. Defendants, collctively, did violate the Plaintiffs Darrell Darby, Korye Darby, Lamont Brookins and Richard Kaplinger's civil Rights Act. of 1870 and under G.L. c. 12, Section 11H, by handcuffing, detaining, interrogating, assaulting and battery of their perosn, without just and probable cause, while at 37 Aspinwall Road, Dorchester, MA.

E. Defendants, collectively, did violate the Plaintiffs James and Sheila Darby's civil rights by encroaching on their private property to effectuate a ruse, arrest, search and seizure at 37 Aspinwall

Road, Dorchester, MA.

F.  Defejdants, collectively, did violate the Plaintiffs James Darby, Darrell Darby, Korey Darby, Lamont Brookins and Richard Kaplinger's Fifth and Fourteenth Amendment rights to due process of law, including the right to be free from unjustified and excessive force utilized by police;

G.  Defendants, collectively and individually, did violate the Plaintiffs rights collectively, resulting in several torts under State and Federal laws of Massachusetts, including the torts of:

    a.    Assault and Battery

    b.    Civil Rights violation

    c.    Malicious Prosecution

    d.    Abuse of Process,

    e.    Negligence, and

    f.    Gross Negligence

## Prayers for Relief

Plaintiff demands the following relief:

A.  Compensatory damages in the amount of $250,000,00 for each Plaintiff;

B.  Compensatory damages in the amount of $1,000,000.00 for Plaintiffs James and Sheila Darby;

C.  Punitive damages in the amount of $3,000,000.00;

D.  Attorney's fees and costs;

E.  All other relief that is appropriate under the circumstances.

_____  
James Darby, *pro se*

_____  
Darrell Darby, *pro se*

_____  
Furman Darby, Jr., *pro se*

_____  
Sheila Darby, *pro se*

_____  
Korey Darby, *pro se*

_____  
Lamont Brookins, *pro se*

_____
Richard Kaplinger, *pro se*

Dated: April 30, 2020