## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ ) | |
| ) | |
| **JAMES DARBY; SHEILA DARBY;** ) | |
| **DARRELL DARBY; KOREY DARBY;** ) | |
| **FURMAN DARBY, JR.;** ) | |
| **LAMONT BROOKINS;** ) | |
| **and RICHARD KAPLINGER,** ) | |
| ) | |
| **Plaintiffs** ) | |
| ) | |
| **v.** ) | |
| ) | **Case No. 20-cv-11115-DJC** |
| ) | |
| **ANDREW LELLING et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| _____) | |

### MEMORANDUM AND ORDER

**CASPER, J.**                                                      **January 25, 2022**

## I.      Introduction

Plaintiffs James Darby ("Darby"), Sheila Darby, Darrell Darby, Korey Darby, Furman Darby, Jr., Lamont Brookins and Richard Kaplinger (collectively, "Plaintiffs") filed this lawsuit *pro se* against former United States Attorney Andrew Lelling ("Lelling"); Massachusetts Attorney General Maura Healey ("Attorney General Healey"); Massachusetts State Police Colonel Kerry Gilpin ("Colonel Gilpin"); Boston Police Commander William Gross ("Commander Gross"); Governor Charles Baker ("Governor Baker"); the City of Boston; the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"); Michael Linskey ("Linskey"), identified as a Boston Police Department sergeant; and several John and Jane Doe State Police officers and Boston Police officers (collectively, "Defendants"), alleging federal and state law violations pursuant to the

Fourth, Fifth and Fourteenth Amendments, the Massachusetts Declaration of Rights, the Massachusetts Civil Rights Act and the Massachusetts Tort Claims Act arising from an incident on September 24, 2018 when agents and officers entered Plaintiffs' residence and allegedly detained, interrogated and handcuffed and assaulted several of them.  D. 1.  The Court previously dismissed Governor Baker, Attorney General Healey, Colonel Gilpin, the City of Boston, Commander Gross and Lelling from the lawsuit.  D. 19; D. 49.

Linskey now moves to dismiss and to set aside the notice of default entered against him for lack of personal jurisdiction, insufficient service of process or, alternatively, for failure to state a claim.  D. 36.  For the reasons stated below, the Court ALLOWS the motion.

## II.     Standard of Review

### A.     <u>Dismissal Pursuant to Rules 12(b)(2) and 12(b)(5)</u>

It is well established that "that a judgment rendered in the absence of personal jurisdiction is a nullity."  <u>Vázquez-Robles v. CommoLoCo, Inc.</u>, 757 F.3d 1, 4 (1st Cir. 2014).  "The existence of such jurisdiction normally depends on legally sufficient service of process."  <u>Id.</u>  "[T]hough personal jurisdiction and service of process are distinguishable, they are inextricably intertwined, since service of process constitutes the vehicle by which the court obtains jurisdiction."  <u>United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.</u>, 960 F.2d 1080, 1085 (1st Cir. 1992).

"When a defendant seasonably challenges the adequacy of service, the plaintiff has the burden of showing that service was proper."  <u>Vázquez-Robles</u>, 757 F.3d at 4.  "A return of service generally serves as <i>prima facie</i> evidence that service was validly performed."  <u>Blair v. City of Worcester</u>, 522 F.3d 105, 111 (1st Cir. 2008).  A defendant, however, may provide "rebuttal evidence to refute any presumption of valid service."  <u>Id.</u> at 111–12.

B.    <u>Dismissal Pursuant to Rule 12(b)(6)</u>

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), the Court must determine if the facts alleged "plausibly narrate a claim for relief." <u>Schatz v. Republican State Leadership Comm.</u>, 669 F.3d 50, 55 (1st Cir. 2012) (citation omitted). Reading the complaint "as a whole," the Court must conduct a two-step, context-specific inquiry. <u>García-Catalán v. United States</u>, 734 F.3d 100, 103 (1st Cir. 2013). First, the Court must perform a close reading of the claim to distinguish the factual allegations from the conclusory legal allegations contained therein. <u>Id.</u> Factual allegations must be accepted as true, while conclusory legal conclusions are not entitled credit. <u>Id.</u> Second, the Court must determine whether the factual allegations present a "reasonable inference that the defendant is liable for the conduct alleged." <u>Haley v. City of Boston</u>, 657 F.3d 39, 46 (1st Cir. 2011) (citation omitted). In sum, the complaint must provide sufficient factual allegations for the Court to find the claim "plausible on its face." <u>García-Catalán</u>, 734 F.3d at 103 (citation omitted).

The Court remains mindful that a *pro se* plaintiff is entitled to a liberal reading of his allegations, no matter how unartfully pled. <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972); <u>Rodi v. New Eng. Sch. of Law</u>, 389 F.3d 5, 13 (1st Cir. 2004).

III.    **Factual Background**

The following facts are drawn from Plaintiffs' complaint, D. 1, and are accepted as true for purposes of resolving the motion to dismiss.

Since 1968, Darby has owned a three-family home in Dorchester, Massachusetts (the "Darby Residence"), where he has resided with his wife, Sheila Darby ("Mrs. Darby"). D. 1 ¶ 49. The couple has three children, Darrell Darby, Lance Darby and Korey Darby, all of whom currently also live at the Darby Residence. <u>Id.</u> ¶ 50.

On September 24, 2018, Darby's nephew, Lamont Brookins ("Brookins"), and Darby's son, Korey Darby, were in the private driveway of the Darby Residence.  Id. ¶ 52.  Darby and Mrs. Darby, their son Darrell Darby, Darby's brother, Darby's cousin Dwayne Cruthird, and Darby's friend Richard Kaplinger were inside.  Id. ¶ 53.  While Darby was monitoring his home security surveillance system, several of the monitors went blank, so Darby and Mrs. Darby went outside onto the porch together.  Id. ¶ 54.

"Within seconds thereafter," unknown officers arrived, surrounding the Darby Residence with weapons drawn.  Id. ¶ 55.  As alleged, Darby was instructed by "BPD Sgt. Michael Linskey[,] 'Don't move stay right there on the porch.'"  Id. ¶ 56.  Meanwhile, Brookins and Korey Darby were being "jostled" by several officers.  Id.

Approximately nineteen unknown officers consisting of ATF, State Police and Boston Police breached the basement door of the Darby Residence, while other officers remained outside. Id. ¶ 57.  Upon entering the basement, the officers used an unknown object to force open the door to Darby's home office.  Id. ¶ 58.  Officers cuffed Darrell Darby, Dwayne Cruthird and Richard Kaplinger in the basement then "forcefully" removed them, brought them outside, and placed them on the ground.  Id. ¶ 59.  Darrell Darby was "physically and aggressively handled," which caused him to exhibit chest pains and problems breathing.  Id. ¶ 60.  Officers called for an ambulance to be sent to the Darby Residence to assist Darrell Darby.  Id. ¶ 61.  The ambulance arrived and Darrell Darby received medical treatment.  Id. ¶ 62.

Darby asked Linskey "What's going on?" to which Linskey responded, "I have a search warrant here."  Id. ¶ 63.  Linskey did not respond to Darby's further inquiries.  Id. ¶ 64.  Darby later learned that the officers were at the Darby Residence to arrest Brookins, who had been outside in the driveway.  Id. ¶ 65.  The officers never produced a warrant.  Id. ¶ 67.  All individuals,

including Brookins, were eventually uncuffed and released from police custody.  Id. ¶ 68.

## IV.    Procedural History

Plaintiffs commenced this action against Defendants on June 11, 2020.  D. 1.  The Court later entered an order requiring Plaintiffs to file a proof of service as to the Defendants or show good cause for why service has not been made.  D. 20.  Plaintiffs filed a series of service returns on March 17, 2021, including a return for Linskey, D. 27.  That same day, Plaintiffs filed a request for notice of default as to Linskey and others.  D. 28.  Subsequently, the clerk entered a notice of default as to multiple defendants, including Linskey.  D. 31.  Linskey has now moved to dismiss and to set aside the notice of default.  D. 36.  The Court heard the parties on the pending motion and took the matter under advisement.  D. 49.

## V.    Discussion

### A.    <u>Lack of Personal Jurisdiction and Insufficient Service of Process</u>

Rule 4 of the Federal Rules of Civil Procedure governs service of process.  "Any person who is at least 18 years old and not a party may serve a summons and complaint."  Fed. R. Civ. P. 4(c)(2).  For a United States "Officer or Employee Sued Individually," a plaintiff "must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g)."  Id. 4(i)(3).  "To serve the United States," the plaintiff "must" serve both "the United States Attorney for the district where the action is brought," id. 4(i)(1)(A), and "the Attorney General of the United States at Washington, D.C.," id. 4(i)(1)(B).  To serve an officer or employee who is a competent adult residing in the United States, a plaintiff must comply with Rule 4(e).  Id. 4(i)(3).

Rule 4(e) requires a plaintiff either to follow "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," id. 4(e)(1), or to accomplish any of three other options: "(A) deliver[] a copy of

the summons and of the complaint to the individual personally; (B) leav[e] a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) deliver[] a copy of each to an agent authorized by appointment or by law to receive service of process."  Id. 4(e)(2).  "The Massachusetts rules for service are substantially similar to the other three options under the federal rules."  Mukherjee v. Blake, No. CIV.A. 12-11381-FDS, 2013 WL 2299521, at *2 (D. Mass. May 24, 2013).

Plaintiffs' service of Linskey failed to comply with Rule 4.  On August 21, 2020, the Suffolk County Sheriff's Department served "SGT. Paul Murphy" by hand at the Boston Police Department headquarters in Roxbury.  D. 27 at 6.  Plaintiffs did not serve Linskey personally, id. 4(e)(2)(A), an individual of suitable age and discretion at his home, id. 4(e)(2)(B), or an agent authorized to accept service on his behalf, id. 4(e)(2)(C); Mass. R. Civ. P. 4(d)(1) (authorizing service by substantially similar means).  Further, while the complaint identified Linskey as a Boston Police Department sergeant, D. 1 ¶ 56, Linskey is employed as a federally deputized task force officer for ATF, see D. 36 at 1, and was acting within the scope of that role at the time of the September 24, 2018 incident at the Darby Residence, D. 47-1 (certifying the same).  Thus, Plaintiffs had to serve Linskey personally and the United States by way of the United States Attorney's Office in this district and the Attorney General of the United States.  See Fed. R. Civ. P. 4(i)(3); id. 4(i)(1)(A)–(B).  Plaintiffs never served the United States.  See D. 37 at 8.  Plaintiffs' service of process as to Linskey therefore was deficient.

Because Plaintiffs failed properly to serve Linskey, the Court lacks personal jurisdiction over him in this case.  See Vázquez-Robles, 757 F.3d at 4 (stating that the existence of personal jurisdiction "depends on legally sufficient service of process"); Omni Cap. Int'l, 484 U.S. at 104 (explaining that "[b]efore a federal court may exercise personal jurisdiction over a defendant, the

procedural requirement of service of summons must be satisfied").

Plaintiffs oppose the motion on two grounds.[1]  D. 41.  First, Plaintiffs argue that service to the Boston Police Department headquarters effected proper service of process as to Linskey because he held himself out as a Boston Police Department sergeant to Darby during the September 24, 2018 incident.  D. 41 at 1.  On that day, Linskey provided Darby only with a Boston Police Department identification card and no documentation or information regarding his capacity as a task force officer for ATF.  Id.; D. 41-1.  Plaintiffs therefore directed service to the Boston Police Department headquarters in Roxbury.  See D. 27.  According to the service return filed with the Court, a copy of the summons and complaint was delivered to "SGT. Paul Murphy, agent, person in charge at the time of service for Michael Linskey" on August 21, 2020.  Id. at 6.  This was within ninety days of the complaint being filed on June 11, 2020.  See D. 1; Fed. R. Civ. P. 4(m) (requiring service of process within ninety days of filing complaint); Mass. R. Civ. P. 4(j) (same).

Even if Linskey was acting in his capacity as a Boston Police Department sergeant at the time of the September 24, 2018 incident, Plaintiffs still failed to effectuate proper service.  Leaving process at a defendant's place of business or employer is insufficient unless the person to whom the process is delivered is authorized to receive service on the individual's behalf.  See Foley v. Walsh, 33 Mass. App. Ct. 937, 937–38 n.1 (1992).  This rule does not change in the context of service to police officers.  See id. (holding that service upon state trooper's employer at state police headquarters or state police barracks did not comply with federal or state procedures for service of process as to trooper); cf. Blair, 522 F.3d at 114 (concluding that dismissal for

---

[1] On May 10, 2021, Plaintiffs filed a memorandum opposing Linskey's motion.  D. 41. Plaintiffs' opposition is untimely, see L. R. 7.1(b)(2) (requiring generally that opposition motions must be filed within fourteen days after the initial motion is served), but in the interest of completeness, however, the Court has considered it and addresses Plaintiffs' arguments above.

insufficient service of process not warranted where circumstantial evidence gave rise to inference that defendant police officers had previously authorized another officer to act as their agent for purpose of service).  As Plaintiffs have not brought forth evidence that Linskey authorized the other police officer to accept service on his behalf, Plaintiffs have failed to establish that service would have been proper even assuming Linskey was acting in his capacity as a Boston Police Department sergeant.

Second, Plaintiffs argue that Linskey's "taking it upon himself to get an attorney" constitutes waiver of personal jurisdiction.  See D. 41 at 2.  However, a defendant may argue lack of personal jurisdiction so long as the defense is raised in his "first defensive move, be it a Rule 12 motion or a responsive pleading."  See Glater v. Eli Lilly & Co., 712 F.2d 735, 738 (1st Cir. 1983).  Thus, Linskey's counsel entering a notice of appearance and filing a motion on Linskey's behalf does not alone constitute waiver of personal jurisdiction.

Accordingly, the Court ALLOWS Linskey's motion to dismiss and to set aside the notice of default, D. 36.

### B.   Failure to State a Claim

Even if Plaintiffs had properly served Linskey, Plaintiffs have failed to state a claim against him.  Under the doctrine of qualified immunity, government officials are shielded from civil liability to the extent that "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  To determine whether qualified immunity applies, courts must consider "(1) whether a public official has violated a plaintiff's constitutionally protected right; and (2) whether the particular right that the official has violated was clearly established at the time of the violation."  Raiche v. Pietroski, 623 F.3d 30, 35 (1st Cir. 2010).

"For a complaint alleging a recognized <u>Bivens</u> claim to survive a motion to dismiss, the plaintiff 'must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" <u>Air Sunshine, Inc. v. Carl</u>, 663 F.3d 27, 33 (1st Cir. 2011) (quoting <u>Iqbal</u>, 556 U.S. at 676); <u>see</u> <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388, 397 (1971).  The "well-pleaded facts" must "permit the court to infer more than the mere possibility of misconduct."   See <u>Feliciano-Hernández v. Pereira-Castillo</u>, 663 F.3d 527, 533 (1st Cir. 2011) (quoting <u>Iqbal</u>, 556 U.S. at 679).

Plaintiffs allege an unlawful search, unlawful detention and use of excessive force.  D. 1 ¶¶ A–F.  The complaint, however, lacks any factual allegations stating a plausible claim against Linskey arising from his own individual actions.  See <u>Air Sunshine</u>, 663 F.3d at 33.  According to the complaint, Linskey's actions consisted of brief oral exchanges with James Darby outside the Darby Residence.  D. 1 ¶¶ 56, 63–64.  Plaintiffs do not allege that Linskey himself entered the Darby Residence, detained any Plaintiff or used force against any Plaintiff.  <u>See generally</u> D. 1.  Considering the dearth of allegations about Linskey, the Court cannot infer more than a "mere possibility of misconduct."  <u>See</u> <u>Iqbal</u>, 556 U.S. at 679; D. 1 ¶ 56 (alleging that Linskey was conversing with James Darby while two of the Plaintiffs were being "jostled by several officers"), ¶ 57 (stating that basement door was breached by "unknown officers"), ¶ 59 (attributing actions of cuffing two of the Plaintiffs in the basement and forcefully bringing them outside to unnamed officers).

While *pro se* complaints must be read with an "extra degree of solicitude," <u>Rodi v. Ventetuolo</u>, 941 F.2d 22, 23 (1st Cir. 1991), the burden remains on the plaintiff "to set forth claims in a manner that would permit the defendant a meaningful opportunity to file a response," <u>Ateek v. Massachusetts</u>, No. CIV.A. 11-11566-DPW, 2011 WL 4529393, at *3 (D. Mass. Sept. 27,

2011).   Here, even a generous reading of the complaint does not suggest any constitutional violation on the part of Linskey.[2]

### C.    <u>Dismissal with Prejudice</u>

Linskey requests that the Court dismiss the Plaintiffs' claims against him with prejudice. "[A] district court may dismiss an action if the plaintiff 'fails . . . to comply with [the Federal Rules] or a court order.'"  <u>Rosario-González v. United States (Dep't of Veterans Affs.)</u>, No. 18-1532, 2019 WL 12374109, at *1 (1st Cir. Sept. 9, 2019) (alteration in original) (quoting Fed. R. Civ. P. 41(b)).   "While failure to complete timely service of process 'will lead to a dismissal without prejudice[,] further delay by the plaintiff, or a delay following an extension of time for serving the process, can lead to a dismissal with prejudice under Rule 41(b).'"  <u>Id.</u> (citing 9 Wright and Miller, <u>Federal Practice & Procedure</u> § 2370 (3d ed.)).  Dismissal with prejudice may not be appropriate as against a *pro se* plaintiff if the plaintiff diligently prosecuted her claims, did not have fair warning of the court's "inclination to employ so severe a sanction" or did not engage in misconduct "sufficiently extreme" to justify dismissal with prejudice.  See <u>Pomales v. Celulares Telefonica, Inc.</u>, 342 F.3d 44, 49 (1st Cir. 2003) (applying these three factors in determining that

---

[2] Plaintiffs also allege several tort claims against Defendants.  D. 1 ¶¶ D, E, G.  Plaintiffs' tort claims, however, are cognizable, if at all, only against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680.  Pursuant to § 2679, a suit against the United States "is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee" and "[a]ny other civil action . . . is precluded."  <u>Id.</u> § 2679(b)(1).  "Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States . . ., and the United States shall be substituted as the party defendant."  <u>Id.</u> § 2679(d)(1); <u>see</u> 28 C.F.R. § 15.4(a) (permitting the United States Attorney for the district where the civil action is brought to make such certification).  Here, the Acting United States Attorney has entered such a certification as to Linskey, D. 47-1, so the United States is substituted as defendant to Plaintiffs' tort claims against Linskey.

dismissal with prejudice was inappropriate as against a *pro se* litigant).

Here, the factors articulated in Pomales weigh against dismissal with prejudice based solely on Plaintiffs' failure to effect proper service. See id. Plaintiffs attempted service to Linskey on August 21, 2020, D. 27, well within ninety days of the complaint being filed on June 11, 2020, D. 1, and upon the belief that service to the Boston Police Department headquarters would be sufficient, see D. 41 at 1. Plaintiffs also attempted to show proper service of process by submitting a service return as to Linskey within nine days of the Court's March 8, 2021 order. See D. 27; D. 20 (setting twenty-one-day deadline). Moreover, the order itself stated that the action merely would "be dismissed without prejudice" if Plaintiffs failed to file a proof of service or show good cause for why service had not been made. D. 20. As a result, Plaintiffs would not have had fair warning of the court's "inclination to employ so severe a sanction" by dismissing the action with prejudice based on insufficient service of process alone. See Pomales, 342 F.3d at 49. Further, none of Plaintiffs' actions constituted misconduct, let alone misconduct "sufficiently extreme" to justify dismissal with prejudice. See id.

Were insufficient service of process the only grounds for dismissal, dismissal with prejudice therefore might be inappropriate. Nevertheless, because the Court concludes above that Plaintiffs' claims against Linskey are not legally cognizable, and, for this reason, the Court allows the motion to dismiss with prejudice.

## VI.   Conclusion

For the foregoing reasons, the Court ALLOWS Linskey's motion to dismiss and to set aside the notice of default, D. 36. This dismissal is allowed with prejudice.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge